[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de: FINANCIAL ORDERS
This case went to judgment in the Litchfield J.D. on February 8, 1990. On October 1, 1990, the court reopened all of the judgment's financial issues. After many more motions and a transfer to this J.D., this court conducted a plenary hearing on all financial issues, which concluded on August 20, 1993.
Between 1990 and 1993, the business once operated by the defendant and awarded to the plaintiff as part of the judgment, known as "The Whole Donut", in consideration of $60,000.00 payable to the defendant, no longer exists.
Now the plaintiff lists her occupation as "secretary", earning $317.00 net weekly wages. The defendant lists his as "process server", earning $255.00 weekly net.
Neither party has any assets of any substantial value. The plaintiff has medical insurance for herself and the parties' daughter through her employer.
The I.R.S. has asserted a claim against the plaintiff for unpaid 941 withholding taxes totaling over $19,000.00, (plaintiff's Exhibit C). This lien encompasses tax liabilities of "The Whole Donut" for 941 forms due for periods ended on:
 6/30/88 12/31/88 3/30/89 9/30/90 and 12/31/90 (plaintiff's Exhibit A)
CT Page 10566
The defendant was the store's owner during the first three (3) periods listed, and the plaintiff was owner during the last two (2). As part of the original judgment, the plaintiff was awarded the capital stock of the corporation that owned "The Whole Donut". Since the U.C.C. safeguards were not employed, as is the case when a business is transferred between strangers, the plaintiff received all the assets and liabilities of the corporation, including the tax liabilities outlined above. The original judgment was reopened when the court determined that the business was not as represented. There is no evidence that the stock was returned to the defendant. The court notes that on the date judgment was entered in this case, the law, as again stated in Billington v. Billington, 231 Conn. App. 45 (Opinion released August 28, 1990), had not yet been restated in Billington v. Billington, 220 Conn. 212. A transfer of the business, albeit as a result of a court decree, still dictated that the transferee exercise due diligence in examining the condition of the business.
The parties have the proceeds of a settled claim being held with $3,310.29 due to the defendant and $3,097.78 due to the plaintiff (plaintiff's Exhibit D). In lieu of the plaintiff's claim for return of personal property items (plaintiff's Exhibits A and B), the court will assign the defendant's interest of $3,310.29 to the plaintiff.
The defendant has engaged in several occupations during the years since the original judgment. The court does not hold that he is intentionally under-employed or avoiding higher paying available work. He is a college graduate and spent 15 years with J.C. Penney until 1985.
The court enters the following orders:
1. The parties shall have joint legal custody of their minor daughter, Alexis, who shall reside with her mother. The defendant is granted reasonable visitation rights.
2. The defendant is ordered to pay $75.00 weekly child support to the plaintiff. The court finds this figure to be within the Child Support Guideline limits.
3. The settlement proceeds of $3,310.29 due to the defendant is awarded to the plaintiff. CT Page 10567
4. The plaintiff is awarded One Dollar ($1.00) per year periodic alimony until her remarriage or the death of either party.[1]
5. No order is made regarding the ownership, disposition or responsibility for The Whole Donut's liabilities since the corporation is insolvent[2] and insufficient evidence exists in the record to allow the court to apportion personal responsibility, if any exists, including the I.R.S. claims.
6. The parties shall otherwise retain their assets as now possessed by each of them.
7. The parties shall continue to be responsible for their respective debts except that the defendant shall reimburse the plaintiff $340.00 for Dr. Jensen's bill. The plaintiff shall then settle any remaining bill owed to Dr. Jensen.
Counsel for the plaintiff shall prepare the judgment file.
/s/ Harrigan, J. HARRIGAN